IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:23-CV-00052-JRG |
| | § | |
| CHARTER COMMUNICATIONS, INC., | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

# ORDER

Before the Court is Defendant Charter Communications, Inc.'s ("Charter") Motion to Dismiss the Amended Complaint for Improper Venue Pursuant to FRCP 12(b)(3) (the "Motion to Dismiss"). (Dkt. No. 13.) In the briefing for the Motion to Dismiss, Charter admits that the Motion is based on "nearly identical facts and arguments" as that of its Motion to Dismiss for Improper Venue in related case *Entropic Communications, LLC v. Charter Communications, Inc*., No. 2:22-cv-0125-JRG (E.D. Tex.) (the "125 Case") (Dkt. No. 18), which was denied by order of this Court on May 3, 2023 (125 Case, Dkt. No. 91).[1] (Dkt. No. 26. At n.1.) Charter petitioned the Federal Circuit for a writ of mandamus directing this Court to dismiss the 125 Case for improper venue, and the petition was denied by the Federal Circuit. (125 Case, Dkt. No. 161.)

This case was recently deconsolidated from two other related cases: *Entropic Communications, LLC v. Charter Communications, Inc*., No. 2:23-cv-050-JRG (E.D. Tex.) (the "050 Case") and *Entropic Communications, LLC v. Charter Communications, Inc*., No. 2:23-cv-

---

[1] Charter states in its briefing: "[a]lthough this Court recently rejected [Charter's] motion to dismiss for improper venue in *Entropic Communications, LLC v. Charter Communications, Inc*., No. 2:22-cv-0125 (E.D. Tex.), Dkt. 91 (Order dated May 3, 2023, filed under seal) based on nearly identical facts and arguments, [Charter] respectfully disagrees with the decision, and files this reply to preserve its arguments and rights while it explores whether to seek appellate review of the Court's May 3, 2023 decision." (Dkt. No. 26 at n.1.)

051-JRG (E.D. Tex.) (the "051 Case"). (Dkt. No. 38.) In the briefing for similar Motions to Dismiss for Improper Venue in the 050 Case and the 051 Case, Charter admitted that its motions were based on "identical facts and arguments" as its previously denied Motion to Dismiss for Improper Venue in the 125 Case. (Case No. 2:23-cv-050-JRG, Dkt. No. 27 at 1 n.1; Case No. 2:23-cv-051, Dkt. No. 22 at 1 n.1.) In light of Charter's admissions, the Court denied Charter's Motions to Dismiss for Improper Venue in those cases. (Case 2:23-cv-050-JRG, Dkt. No. 66.)

The admission in this case is identical to the admissions in the 050 Case and the 051, with the single exception that here Charter says the present Motion to Dismiss is based on "***nearly*** identical facts and arguments" as the previously denied Motion to Dismiss for Improper Venue in the 125 Case. (Dkt. No. 26. At n.1.)

Accordingly, the Court hereby **ORDERS** Charter to file a brief of no more than five (5) pages within the next three (3) days explaining whether there is any materially substantive basis to distinguish this case from the 125 Case such that it would be inappropriate for the Court to deny the present Motion to Dismiss for the same reasons that the Court denied the Motion to Dismiss for Improper Venue in the 125 Case. Entropic shall file a response of no more than five (5) pages within three (3) days of Charter's brief.

So ORDERED and SIGNED this 18th day of October, 2023.

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE