# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendants. | Civil Action No. 2:23-cv-00052-JRG<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO AMEND
COMPLAINT AND INFRINGEMENT CONTENTIONS**

1

# **TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................................. 1
II. FACTUAL BACKGROUND................................................................................................ 1
III. LEGAL BACKGROUND .................................................................................................... 2
IV. ARGUMENT........................................................................................................................ 4
1.  Good cause exists to allow Entropic to file a Second Amended Complaint. ......................... 4
    a.  There has been no undue delay or bad faith on the part of Entropic. ................................ 4
    b.  Entropic has not failed to cure deficiencies by previously allowed amendments. ............ 4
    c.  Charter would not be unduly prejudiced by allowing amendment. ................................... 5
    d.  Amendment would not be futile. ....................................................................................... 5
2.  Good cause exists to allow Entropic to amend its infringement contentions. ........................ 6
V.  CONCLUSION .................................................................................................................... 7

# **TABLE OF AUTHORITIES**

**Cases**

*Allen v. Walmart Stores, L.L.C.*,
  907 F.3d 170, 184 (5th Cir. 2018) .................................................................................................. 3

*Blue Calypso, Inc. v. Groupon, Inc.*,
  2013 WL 12141428, at *1 (E.D. Tex. July 19, 2013).............................................................. 5, 6

*Dussouy v. Gulf Coast Inv. Corp.*,
  660 F.2d 594, 597 (5th Cir. 1981) .................................................................................................. 2

*Entropic Communications, LLC v. Charter Communications, Inc.*,
  No. 2:23-cv-00051-JRG, Dkt. 52 (E.D Tex. Aug. 8, 2023)......................................................... 2

*Hillman Grp. Inc. v. Keyme, LLC*,
  2020 WL 6938441, at *2 (E.D. Tex. Oct. 23, 2020) ............................................................... 4, 6

*In re Am. Intern. Group, Inc. Sec. Litig.*,
  916 F. Supp. 2d 454, 461 (S.D.N.Y. 2013)................................................................................... 3

*In re Life Partners Holdings, Inc.*,
  926 F.3d 103, 125 (5th Cir. 2019) .................................................................................................. 3

*Netlist, Inc. v. Samsung Elecs. Co., LTD.*,
  2023 WL 5532133, (E.D. Tex. Aug. 28, 2023) ....................................................................... 5, 6

*S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*,
  315 F.3d 533 (5th Cir. 2003) ........................................................................................................... 3

*Stripling v. Jordan Prod. Co.*,
  234 F.3d 863, (5th Cir. 2000) ......................................................................................................... 6

*Tinnus Enters., LLC v. Telebrands Corp.*,
  2016 WL 9244673, at *2 (E.D. Tex. Jan. 27, 2016)..................................................................... 4

**Statutes**
Fed. R. Civ. P. 15(a)(2)......................................................................................................................... 2

Fed. R. Civ. P. 16(b)(4).......................................................................................................................... 3

## I. INTRODUCTION

Plaintiff Entropic Communications, LLC ("Entropic") seeks leave to amend its complaint, as well as its infringement contentions, to assert infringement of U.S. Patent No. 11,785,275 (the "'275 Patent"). The '275 Patent issued on October 10, 2023. This patent is in the same family of patents as those currently asserted in Entropic's First Amended Complaint ("FAC"). Good cause exists to grant Entropic leave to amend because the (1) '275 Patent could not have been included in Entropic's original complaint; (2) the '275 Patent has similar functionality to the patents already asserted in this action and will therefore raise the same issues; and (3) the new claims asserting the '275 Patent can readily be addressed on the existing case schedule.

## II. FACTUAL BACKGROUND

Entropic filed this case on February 10, 2023 asserting infringement of U.S. Patent Nos. 11,381,866 (the "'866 Patent") and 11,399,206 (the "'206 Patent") against Charter Communications, Inc. ("Charter"). Dkt. 1. Entropic amended its complaint as of right on April 19, 2023, which added factual allegations but did not assert any additional patents or alter the existing infringement claims. Dkt. 11.

The '866 Patent generally describes a cable television device that digitizes an entire input signal, concurrently selects a plurality of desired channels from the digitized input signal without selecting any undesired channels, and provides the plurality of desired channels. *See* Dkt. 11-1. The '206 Patent generally describes a receiver system that receives an input signal from a cable network, digitizes the entire input signal, concurrently selects a plurality of desired channels from the digitized input signal without selecting any undesired channels, and provides the plurality of desired channels. *See* Dkt. 11-3.

Similarly, the '275 Patent generally describes a wideband receiver system that digitizes an input signal, selects desired channels from the digitized signal, and outputs the selected desired

1

channels for demodulation. A true and accurate copy of the '275 Patent is attached hereto as Exhibit 1.

The application for the '275 Patent was filed on September 30, 2022, and the patent was issued on October 10, 2023. The '275 Patent expressly states that it is a continuation of the '206 Patent, and claims priority to the same 2009 application as the '206 Patent.

Following the issuance of the '275 Patent, Entropic promptly investigated Charter's infringement and notified Charter it would seek leave to assert the '275 Patent on October 25, 2023. The parties met and conferred on October 25, 2023, and Charter stated that it does not oppose this Motion. Because the governing Docket Control Order ("DCO") deadline to file amended pleadings is February 7, 2024, nearly four months away, the new claims asserting can readily be addressed on the existing case schedule. *See Entropic Communications, LLC v. Charter Communications, Inc.*, No. 2:23-cv-00051-JRG, Dkt. 52 (E.D Tex. Aug. 8, 2023) (the "051 Case").[1] Entropic served Charter with the proposed infringement contentions for the '275 Patent on October 26, 2023.

### III.  LEGAL BACKGROUND

Rule 15(a) of the Federal Rules of Civil Procedure governs amendment to pleadings before a scheduling order's deadline to amend has passed. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981). Under Rule 15(a), courts are instructed to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In fact, 'Rule 15(a) evinces a bias in favor of granting

---

[1] At the time DCO was entered for this case, it was consolidated with the 051 Case, which served as the lead case. Accordingly, the DCO was only entered the 051 Case, but it applied equally to the proceedings in this case as well. The cases have since been de-consolidated, but Entropic understands that the deadlines set by the DCO entered in the 051 Case are still controlling here, as the Court has not ordered otherwise. *See generally* Dkt. 38.

2

leave to amend.'" *In re Life Partners Holdings, Inc.*, 926 F.3d 103, 125 (5th Cir. 2019) (quoting *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016)).

When reviewing a Rule 15(a) motion, district courts consider several factors, "including 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment.'" *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 184 (5th Cir. 2018) (brackets omitted) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "When making this inquiry, the Court must remain mindful that 'the purpose of Rule 15 is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities.'" *In re Am. Intern. Group, Inc. Sec. Litig.*, 916 F. Supp. 2d 454, 461 (S.D.N.Y. 2013) (brackets omitted) (quoting *Slayton v. American Express Co.*, 460 F.3d 215, 228 (2d Cir. 2006)).

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4)). Similarly, Local Patent Rule 3-6(b) permits the amendment of infringement contentions "only upon a showing of good cause." "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)). To determine good cause, courts consider four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters., L.L.C.*, 315 F.3d at 536).

## IV.  ARGUMENT

Because the deadline to amend pleadings has not yet passed, Entropic's request for leave to amend its complaint is governed by Rule 15(a).  All of the relevant factors under Rule 15(a) weigh in favor of allowing amendment.  Accordingly, this Court should grant Entropic leave to amend its FAC to assert claims related to the '275 Patent.

### 1.  Good cause exists to allow Entropic to file a Second Amended Complaint.

#### a.  There has been no undue delay or bad faith on the part of Entropic.

Entropic did not delay in seeking leave to amend its complaint.  To the contrary, Entropic acted promptly by seeking a meet and confer with Charter regarding Entropic's intent to amend its complaint roughly two weeks after the '275 Patent issued.  During those two weeks, Entropic was diligently investigating Charter's infringement of the newly issued '275 Patent.  Entropic contacted counsel for Charter as soon as it had confirmed that it had a good-faith basis to assert an infringement claim against Charter regarding the '275 Patent.  There has been no undue delay, as Entropic simply could not have sought amendment sooner.  *See*, *Hillman Grp. Inc. v. Keyme, LLC*, 2020 WL 6938441, at *2 (E.D. Tex. Oct. 23, 2020) (granting leave to amend to assert additional patent that issued after case was filed, because patentee "could not have so moved any sooner"); *Tinnus Enters., LLC v. Telebrands Corp.*, 2016 WL 9244673, at *2 (E.D. Tex. Jan. 27, 2016) (granting motion for leave to amend complaint to accuse re-designed product).

#### b.  Entropic has not failed to cure deficiencies by previously allowed amendments.

Entropic has not repeatedly failed to cure any deficiencies with its complaint.  Entropic seeks to amend its complaint for the purposes of asserting the newly issued '275 patent, which

4

could not have been asserted in any of its prior pleadings. Because Entropic has not been reckless with previous opportunities to amend its pleadings, this factor weighs in favor of amendment.

### c. Charter would not be unduly prejudiced by allowing amendment.

Granting leave to amend would not unduly prejudice Charter. Foremost, Charter has indicated that it does not oppose this motion.

The '275 Patent is in the same family as the currently-asserted '206 and '806 Patents and has similar functionality to both patents. The '275 Patent will be asserted against products and services already at issue in the case, and for that reason, will raise the same legal and factual questions as those already present here. Thus, amendment will not prejudice Charter. *See Blue Calypso, Inc. v. Groupon, Inc.*, 2013 WL 12141428, at *1 (E.D. Tex. July 19, 2013) (finding lack of prejudice by allowing amendment to assert newly issued patent where "[a]llowing the amendment would not place an entirely different set of factual questions at issue or cause unwarranted expense or delay").

Even if assertion of the '275 Patent raised new issues, plenty of time remains to investigate those issues given that the case is in its early stages. Indeed, the deadline to complete fact discovery in this case is not until May 20, 2024, which is over seven months away. Thus, Charter will face little to no prejudice if amendment were allowed. *See Netlist, Inc. v. Samsung Elecs. Co., LTD.*, 2023 WL 5532133, at *4 (E.D. Tex. Aug. 28, 2023) (finding the lack of prejudice to weigh in favor of allowing amendment where motion for leave was filed "early in the case, prior to claim construction and well before the close of fact discovery").

### d. Amendment would not be futile.

Finally, granting Entropic amendment to assert infringement of the '275 Patent would not be futile. The infringement allegations of the '275 Patent are substantially similar to those of the '866 and '206 Patents and properly state a claim for patent infringement. *See Stripling v. Jordan*

5

*Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (amendment is only futile where amended complaint fails to state a claim upon which relief can be granted).

In sum, the above factors weigh in favor of granting Entropic leave to amend its complaint to assert infringement of the '275 Patent.

**2. Good cause exists to allow Entropic to amend its infringement contentions.**

All of the factors that courts consider to determine whether good cause exists to amend are present here. The justification for failing to include the '275 Patent in Entropic's timely infringement contentions is simple—the '275 Patent had not yet been issued at the time Entropic's infringement contentions were due. Thus, Entropic could not have included the '275 Patent on its infringement contentions and could not have sought leave to amend its contentions any sooner than it has. *See Hillman Grp. Inc.*, 2020 WL 6938441, at *2.

The importance of amendment is high because Entropic is seeking a "vindication of its patent rights" through amendment. *Netlist, Inc.*, 2023 WL 5532133, at *3 (finding amendment for this purpose to weigh in favor of allowing amendment). Further, because the technology involved in the '275 Patent is similar to that of the Patents-in-Suit, it is critical that these overlapping claims are addressed in the same case. *See Blue Calypso, Inc.*, 2013 WL 12141428, at *1 (finding the addition of new patents that cover the same technology as the already asserted patents was "important and necessary for proper resolution of this case"). Adjudicating these infringement claims within a single action will preserve both the Court's and the parties' resources.

Finally, as stated above, Charter will not be prejudiced by amendment given the early stage of this case and the similarity of the '275 Patent to the Patents-in-Suit. For these reasons, good cause exists to allow Entropic to amend its infringement contentions.

## V. CONCLUSION

For the foregoing reasons, Entropic respectfully requests that this Court grant this Motion and afford Entropic leave to amend its complaint and its infringement contentions to assert infringement of the '275 Patent.

| | |
|---|---|
| Dated: October 31, 2023 | Respectfully submitted,<br><br>*/s/ James Shimota by permission Andrea L. Fair*<br>James Shimota - LEAD ATTORNEY<br>Jason Engel<br>George Summerfield<br>**K&L GATES LLP**<br>70 W. Madison Street, Suite 3300<br>Chicago, IL 60602<br>Jim.shimota@klgates.com<br>Jason.engel@klgates.com<br>George.summerfield@klgates.com<br><br>Nicholas F. Lenning<br>**K&L GATES LLP**<br>925 Fourth Avenue, Suite 2900<br>Seattle, WA 98104-1158<br>nicholas.lenning@klgates.com<br><br>Darlene Ghavimi<br>Matthew Blair<br>**K&L GATES LLP**<br>2801 Via Fortuna<br>Suite #650<br>Austin, Texas 78746<br>Darlene.ghavimi@klgates.com<br>Matthew.blair@klgates.com<br><br>Wesley Hill<br>Texas Bar No. 24032294<br>Andrea Fair<br>Texas Bar No. 24078488<br>**WARD, SMITH & HILL, PLLC**<br>1507 Bill Owens Pkwy<br>Longview, TX 75604<br>Tel: (903) 757-6400<br>wh@wsfirm.com<br>andrea@wsfirm.com<br><br>**ATTORNEYS FOR PLAINTIFF ENTROPIC COMMUNICATIONS, LLC** |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service on this the 31st day of October, 2023.

<i>/s/ Andrea L. Fair</i><br>
Andrea L. Fair

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that pursuant to Local Rules CV-7(h), counsel for Plaintiff Entropic Communications, LLC conferred with counsel for Defendant Charter Communications, Inc. regarding the foregoing motion and counsel indicated that they are unopposed to the relief sought herein..

<i>/s/ Andrea L. Fair</i><br>
Andrea L. Fair