UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>　Plaintiff<br><br>　v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>　Defendant. | Civil Action No. 2:23-cv-00052-JRG<br><br>**JURY TRIAL DEMANDED** |

## ORDER REGARDING E-DISCOVERY

The Court ORDERS as follows:

1. This order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This order may be modified in the court's discretion or by agreement of the parties. If the parties cannot resolve their disagreements regarding modifications, the parties shall submit their competing proposals and a summary of their dispute.

3. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall include the following metadata: Begin Bates, End Bates, Begin Attach, End Attach,

Parent Bates, Custodian, All Custodians, Email – Subject, From, To, CC, BCC, Date Sent, Time Sent, File Name, File Extension, Doc – Title, Doc – Author, Date Created Date Last Modified, MD5 Hash, Confidentiality Designation, Production Volume, Page Count, Text Link, Native Link. The metadata identified herein is consistent with the metadata included in documents already produced by the parties in this action as well as in the litigation in this District regarding to the patents related to the asserted patents in this action, captioned *Entropic Comm's. LLC v. Charter Communications, Inc. et al.* Case No. 2:22-cv-00125-JRG.

5.  Absent agreement of the parties or further order of this court, the following parameters shall apply to ESI production:

    A. **General Document Image Format**. Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

    B. **Text-Searchable Documents.** No party has an obligation to make its production text searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

    C. **Footer.** Each document image shall contain a footer with a sequentially ascending production number.

    D. **Native Files.** A party that receives a document produced in a format specified above

    may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

    E. **No Backup Restoration Required.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

    F. **Voicemail and Mobile Devices.** Absent a showing of good cause, voicemails, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). To obtain e-mail parties must propound specific e-mail production requests.

7. Each party requesting e-mail production may, but is not required to, propound up to five written discovery requests and take one deposition per producing party to identify the proper custodians, proper search terms, and proper time frame for e-mail production requests. The court may allow additional discovery upon a showing of good cause.

8. E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame. Each requesting party shall limit its e-mail production requests to a total of eight custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer custodians per producing party, upon showing a distinct need based on

        the size, complexity, and issues of this specific case.

9.     Each requesting party shall limit its e-mail production requests to a total of ten search terms per custodian per party. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word.  The parties agree that the following groups will count as a single search term: (1) "full band capture" or "full spectrum capture" or FBC or FSC; (2) "proactive network maintenance" or "proactive maintenance"; (3) "spectrum analyzer" or "signal analyzer"; and (4) "Whole home DVR" or "WHDVR" or "WH DVR" or "whole house dvr" or "multi-DVR" or "multi-room DVR."[1] An abbreviation and a full phrase (such as "full band capture" and "FBC") shall count as a single search term. A disjunctive combination of multiple words referring to the various patents-in-suit and related application documents shall count as a single search term. A disjunctive combination of referring to different manufacturers of the Accused Products shall count as

---

[1] These categories are not intended to be exclusive of other terms that may likewise fall within a given category. To the extent either Party identifies another term that it believes should be considered a single term within any of these articulated categories, the parties agree to work to resolve without any court intervention.

a single search term. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

10. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

11. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

12. Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

**So ORDERED and SIGNED this 21st day of November, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE