UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendant. | Civil Action No. 2:23-cv-00052-JRG<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT CHARTER COMMUNICATIONS, INC.'S
ANSWER TO ENTROPIC COMMUNICATIONS, LLC'S
<u>SECOND AMENDED COMPLAINT</u>**

Defendant Charter Communications, Inc. ("Charter"), through its counsel, hereby responds to the Second Amended Complaint for Patent Infringement ("Complaint") of Plaintiff Entropic Communications, LLC ("Entropic"). Charter denies the allegations and characterizations in the Complaint unless expressly admitted in the following paragraphs. Charter's specific responses to the numbered allegations of the Complaint are in the below numbered paragraphs as follows.

**NATURE OF THE ACTION**

1.      Charter admits that this is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, et seq. Except as expressly admitted, Charter denies the allegations in paragraph 1 of the Complaint.

**THE PARTIES**

2.      Charter is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and therefore denies them.

1

3. Charter is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and therefore denies them.

4. Charter admits that Charter is a Delaware Corporation. Charter admits that its principal place of business is 400 Washington Blvd., Stamford, Connecticut 06902. Except as expressly admitted, Charter denies the allegations in paragraph 4 of the Complaint.

5. Charter admits that its registered agent is Corporation Service Company d/b/a CSC- Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas, 78701. Except as expressly admitted, Charter denies the allegations in paragraph 5 of the Complaint.

6. Charter admits that the website https://corporate.charter.com/about-charter states, "Charter Communications, Inc. (NASDAQ:CHTR) is a leading broadband connectivity company and cable operator serving more than 32 million customers in 41 states through its Spectrum brand." Except as expressly admitted, Charter denies the allegations in paragraph 6 of the Complaint.

7. Charter admits that it has been appointed as the manager of different limited liability companies and that a separate and distinct subsidiary leases or owns, and maintains and operates, stores in this district. Except as expressly admitted, Charter denies the allegations in paragraph 7 of the Complaint.

8. Charter admits that it has been appointed as the manager of different limited liability companies and that a separate and distinct subsidiary maintains and operates stores in this district. Except as expressly admitted, Charter denies the allegations in paragraph 8 of the Complaint.

9. Charter admits that it has been appointed as the manager of different limited

liability companies and that a separate and distinct subsidiary owns or leases any equipment such as modems and set top boxes. Except as expressly admitted, Charter denies the allegations in paragraph 9 of the Complaint.

10.   Charter admits that it has been appointed as the manager of different limited liability companies and that a separate and distinct subsidiary employs all personnel that install, service, repair and/or replace equipment. Except as expressly admitted, Charter denies the allegations in paragraph 10 of the Complaint.

11.   Charter admits that it has been appointed as the manager of different limited liability companies and that a separate and distinct subsidiary leases or owns, and maintains and operates stores in this district. Charter further admits that a separate and distinct subsidiary employs employees in this district, and that separate and distinct subsidiary owns or leases equipment in this district. Except as expressly admitted, Charter denies the allegations in paragraph 11 of the Complaint.

12.   Paragraph 12 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Charter denies the allegations in paragraph 12 of the Complaint.

## PRESUIT DISCUSSIONS

13.   Charter admits that it received a communication from Entropic on or around April 27, 2022, on or around the same day that Entropic filed suit against Charter in co-pending Case No. 2:22-cv-00125-JRG (E.D. Tex.). Charter denies that it received communications from Entropic on or around August 9, 2022 and December 23, 2022. Charter did receive on January 5, 2023 an undated communication from Entropic concerning patents Entropic alleged were essential to MoCA along with a proposed nondisclosure agreement. Charter denies that any of Entropic's pre-suit correspondence with Charter was intended to engage in good faith licensing

negotiations. Except as expressly admitted, Charter denies the allegations in paragraph 13 of the Complaint.

## ENTROPIC'S LEGACY AS A CABLE INNOVATOR

14. Charter is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and therefore denies them.

15. Charter is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and therefore denies them.

16. Charter is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and therefore denies them.

17. Charter is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and therefore denies them.

18. Charter is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint and therefore denies them.

19. Charter is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint and therefore denies them.

20. Charter is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 20 of the Complaint and therefore denies them. Charter denies the allegations in the second sentence of paragraph 20 of the Complaint.

## JURISDICTION AND VENUE

21. Charter admits that the claims asserted by Entropic arise under the patent laws of the United States, 35 U.S.C. §§ 1, et seq, including 35 U.S.C. § 271, and that this Court has subject matter jurisdiction over the allegations as pleaded under 28 U.S.C. §§ 1331, and 1338(a). Except as expressly admitted, Charter denies the allegations in paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Charter denies the allegations in paragraph 22 of the Complaint.

23. Charter admits that, through its direct and indirect subsidiaries, it is a cable operator that provides cable television and internet services under the brand name "Spectrum." Except as expressly admitted, Charter denies the allegations in paragraph 23 of the Complaint.

24. The allegations in paragraph 24 are too vague to be understood, and Charter lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24. Charter denies the allegations in paragraph 24 of the Complaint.

25. Charter denies the allegations in paragraph 25 of the Complaint.

26. Charter denies the allegations in paragraph 26 of the Complaint.

27. Charter denies the allegations in paragraph 27 of the Complaint.

28. Charter admits that, by and through its affiliates, Charter provides telecommunication services throughout the United States. The remaining allegations of paragraph 28 are too vague to be understood, and Charter lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28, and therefore denies the same.

29. The allegations of paragraph 29 of the Complaint are too vague to be understood, and Charter lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29. Charter denies the allegations in paragraph 29 of the Complaint.

30. Charter admits that a separate and distinct subsidiary owns and operates Spectrum stores located within the Eastern District of Texas at 700 Alma Dr., Plano, Texas 75075, 2100 N. Dallas Pkwy, Plano, Texas 75075, and 4255-A Dowlen Rd., Beaumont, Texas 77706. Charter

denies the remaining allegations in paragraph 30 of the Complaint.

31. Charter admits that a separate and distinct subsidiary owns or leases, and maintains and operates stores in this district that offer television, phone, and internet services. Charter further admits that a separate and distinct subsidiary owns or leases the Accused Cable Modem Products or Accused Set Top Boxes. Except as expressly admitted, Charter denies the allegations in paragraph 31 of the Complaint.

32. Charter admits that the website https://corporate.charter.com/about-charter states, "Spectrum is a suite of advanced broadband services offered by Charter Communications, Inc." Except as expressly admitted, Charter denies the allegations in paragraph 32 of the Complaint.

33. Charter admits that a separate and distinct subsidiary leases or owns, and maintains and operates the Spectrum stores in this district. Except as expressly admitted, Charter denies the allegations in paragraph 33 of the Complaint.

34. Charter admits that a separate and distinct subsidiary employs personnel related to the Spectrum stores in this District. Except as expressly admitted, Charter denies the allegations in paragraph 34 of the Complaint.

35. Charter denies the allegations in paragraph 35 of the Complaint.

36. Charter admits that a separate and distinct subsidiary employs personnel that install, service, repair, and/or replace equipment. Except as expressly admitted, Charter denies the allegations in paragraph 36 of the Complaint.

37. Charter admits that a separate and distinct subsidiary owns and stores any equipment such as modems and set top boxes. Except as expressly admitted, Charter denies the allegations in paragraph 37 of the Complaint.

38. Charter denies the allegations in paragraph 38 of the Complaint.

39. Paragraph 39 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Charter denies the allegations in paragraph 39 of the Complaint.

40. Charter denies the allegations in paragraph 40 of the Complaint.

## COUNT I
## (Infringement of the '866 Patent)

41. Charter incorporates by reference its answers to paragraphs 1–40 as if set forth fully herein as and for its answers to this paragraph.

42. Charter admits that, according to the face of the '866 Patent, the '866 Patent issued on July 5, 2022, was filed on January 28, 2022, purports to be a continuation of patent applications filed on: March 30, 2021; June 4, 2019; October 24, 2017; November 23, 2015; February 10, 2015; August 8, 2013; and April 19, 2010, and is related to a provisional application filed on April 17, 2009. Except as expressly admitted, Charter denies the allegations in paragraph 42 of the Complaint.

43. Charter is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint and therefore denies them.

44. Charter admits that Exhibit 1 purports to be a copy of the '866 Patent. Except as expressly admitted, Charter denies the allegations in paragraph 44 of the Complaint.

45. Charter denies the allegations in paragraph 45 of the Complaint.

46. Charter denies the allegations in paragraph 46 of the Complaint.

47. Charter denies the allegations in paragraph 47 of the Complaint.

48. Charter denies the allegations in paragraph 48 of the Complaint.

49. Charter denies the allegations in paragraph 49 of the Complaint.

50. Charter denies the allegations in paragraph 50 of the Complaint.

51. Charter denies the allegations in paragraph 51 of the Complaint.

52. Charter denies the allegations in paragraph 52 of the Complaint.

53. Charter denies the allegations in paragraph 53 of the Complaint.

54. Charter denies the allegations in paragraph 54 of the Complaint.

55. Charter denies the allegations in paragraph 55 of the Complaint.

56. Charter denies the allegations in paragraph 56 of the Complaint.

57. Charter denies the allegations in paragraph 57 of the Complaint.

58. This paragraph calls for a legal conclusion for which no response is required. To the extent a response is required, Charter is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint and therefore denies them.

## COUNT II
### (Infringement of the '206 Patent)

59. Charter incorporates by reference its answers to paragraphs 1–58 as if set forth fully herein as and for its answers to this paragraph.

60. Charter admits that, according to the face of the '206 Patent, the '206 Patent issued on July 26, 2022, was filed on January 28, 2022, purports to be a continuation of patent applications filed on: March 30, 2021; June 4, 2019; October 24, 2017; November 23, 2015; February 10, 2015; August 8, 2013; and April 19, 2010, and is related to a provisional application filed on April 17, 2009. Except as expressly admitted, Charter denies the allegations in paragraph 60 of the Complaint.

61. Charter is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint and therefore denies them.

62. Charter admits that Exhibit 3 purports to be a copy of the '206 Patent. Except as

expressly admitted, Charter denies the allegations in paragraph 62 of the Complaint.

63. Charter denies the allegations in paragraph 63 of the Complaint.

64. Charter denies the allegations in paragraph 64 of the Complaint.

65. Charter denies the allegations in paragraph 65 of the Complaint.

66. Charter denies the allegations in paragraph 66 of the Complaint.

67. Charter denies the allegations in paragraph 67 of the Complaint.

68. Charter denies the allegations in paragraph 68 of the Complaint.

69. Charter denies the allegations in paragraph 69 of the Complaint.

70. Charter denies the allegations in paragraph 70 of the Complaint.

71. Charter denies the allegations in paragraph 71 of the Complaint.

72. Charter denies the allegations in paragraph 72 of the Complaint.

73. Charter denies the allegations in paragraph 73 of the Complaint.

74. Charter denies the allegations in paragraph 74 of the Complaint.

75. Charter denies the allegations in paragraph 75 of the Complaint.

76. Paragraph 76 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Charter denies the allegations in paragraph 76 of the Complaint.

## COUNT III
### (Infringement of the '275 Patent)

77. Charter incorporates by reference its answers to paragraphs 1–76 as if set forth fully herein as and for its answers to this paragraph.

78. Charter admits that, according to the face of the '275 Patent, the '275 Patent issued on October 10, 2023, was filed on September 30, 2022, purports to be a continuation of patent applications filed on: July 12, 2022; January 28, 2022; March 30, 2021; June 4, 2019;

October 24, 2017; November 23, 2015; February 10, 2015; August 8, 2013; and April 19, 2010, and is related to a provisional application filed on April 17, 2009. Except as expressly admitted, Charter denies the allegations in paragraph 78 of the Complaint.

79. Charter is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the Complaint and therefore denies them.

80. Charter admits that Exhibit 5 purports to be a copy of the '275 Patent. Except as expressly admitted, Charter denies the allegations in paragraph 80 of the Complaint.

81. Charter denies the allegations in paragraph 81 of the Complaint.

82. Charter denies the allegations in paragraph 82 of the Complaint.

83. Charter denies the allegations in paragraph 83 of the Complaint.

84. Charter denies the allegations in paragraph 84 of the Complaint.

85. Charter denies the allegations in paragraph 85 of the Complaint.

86. Charter denies the allegations in paragraph 86 of the Complaint.

87. Charter denies the allegations in paragraph 87 of the Complaint.

88. Charter denies the allegations in paragraph 88 of the Complaint.

89. Charter denies the allegations in paragraph 89 of the Complaint.

90. Charter denies the allegations in paragraph 90 of the Complaint.

91. Charter denies the allegations in paragraph 91 of the Complaint.

92. Charter denies the allegations in paragraph 92 of the Complaint.

93. Charter denies the allegations in paragraph 93 of the Complaint.

94. Paragraph 94 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Charter denies the allegations in paragraph 94 of the Complaint.

## RESPONSE TO JURY DEMAND

Entropic's demand for a jury trial does not require a response by Charter. Charter also requests a jury trial of all issues triable to a jury in this action.

## RESPONSE TO PRAYER FOR RELIEF

Charter denies that Entropic is entitled to any of the requested relief and denies any and all allegations contained within the Prayer for Relief of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Subject to the responses above, Charter contends and asserts the following affirmative and other defenses in response to the allegations in the Complaint. By asserting these affirmative defenses, Charter does not admit that it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear. In addition to the affirmative and other defenses described below, and subject to the responses above, Charter intends to conduct discovery and specifically reserves all rights to assert additional affirmative and other defenses, including inequitable conduct, consistent with the facts that become known through the course of discovery or otherwise.

## FIRST DEFENSE
## NON-INFRINGEMENT OF THE '866 PATENT, THE '206 PATENT, AND THE '275 PATENT

Charter has not infringed and does not directly infringe (either literally or under the doctrine of equivalents) any valid and enforceable claim of the '866 Patent, the '206 Patent, and the '275 Patent under any theory of infringement.

## SECOND DEFENSE
## INVALIDITY OF THE '866 PATENT, THE '206 PATENT, AND THE '275 PATENT

The claims of the '866 Patent, the '206 Patent, and the '275 Patent are invalid for failure to comply with one or more of the requirements for patentability set forth in Title 35 of the U.S.

11

Code, including §§ 101, 102, 103, and 112, and/or invalid under any other ground provided by 35 U.S.C. § 282, and/or based on other judicially-created bases for invalidity.

### THIRD DEFENSE
### NOT AN EXCEPTIONAL CASE

Entropic is not entitled to a finding that this case is exceptional or to attorneys' fees under 35 U.S.C. § 285, or pursuant to this Court's inherent power.

### FOURTH DEFENSE
### EQUITABLE DEFENSES

Entropic's claims for relief are barred or limited in whole or in part by equitable defenses, including waiver, estoppel, implied license, and/or unclean hands.

### FIFTH DEFENSE
### LACK OF STANDING

Entropic's Complaint should be dismissed based on improper venue because Charter neither resides in nor has a regular and established place of business in the Eastern District of Texas.

### SIXTH DEFENSE
### LICENSE

Entropic's claims are barred, in whole or in part, to the extent that Charter's use of the Accused Cable Modem Products, Accused Set Top Products, and Accused Services are covered

12

## SEVENTH DEFENSE
## LIMITATIONS ON DAMAGES, MARKING, & NOTICE

Entropic is barred in whole or in part from recovering damages under 35 U.S.C. §§ 286 and 287.

## EIGHTH DEFENSE
## PROSECUTION HISTORY ESTOPPEL

Entropic is estopped from arguing and has waived arguments that the claims of the '866 Patent, the '206 Patent, and the '275 Patent cover any accused products or processes by virtue of amendments, positions, and arguments made to the USPTO when obtaining the patents.

## NINTH DEFENSE
## LIMITATION OF LIABILITY FOR INDIRECT INFRINGEMENT

As noted in Charter's First Affirmative Defense, Charter has not infringed and does not directly infringe any valid and enforceable claim of the '866 Patent, the '206 Patent, and the '275 Patent.

Additionally, to the extent that Entropic asserts that Charter indirectly infringes the '866 Patent, the '206 Patent, and the '275 Patent, either by contributory infringement or inducement of infringement, Charter is not liable to Entropic for the acts alleged to have been performed before Charter had knowledge of the claims of the '866 Patent, the '206 Patent, and the '275 Patent and/or could form the intent to cause infringement.

Dated: November 21, 2023				Respectfully submitted,

<u>/s/ Daniel Reisner by permission Elizabeth Long</u>
Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
Email: ddacus@dacusfirm.com

Daniel L. Reisner
David Benyacar
Elizabeth Long
Melissa Brown
Albert J. Boardman
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York, 10019-9710
Telephone: (212) 836-8000
Email: daniel.reisner@arnoldporter.com
Email: david.benyacar@arnoldporter.com
Email: elizabeth.long@arnoldporter.com
Email: melissa.brown@arnoldporter.com
Email: albert.boardman@arnoldporter.com

Amy DeWitt
ARNOLD & PORTER KAY SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Email: amy.dewitt@arnoldporter.com

***Attorneys for Defendant Charter Communications, Inc.***

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on November 21, 2023.

/s/ Elizabeth Long
Elizabeth Long